☐ **AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | Kerry Kizer<br>Lynlea Kizer | Case No. |
| Debtors: | | Chapter 13 |

## CHAPTER 13 PLAN

| | | | | |
|---|---|---|---|---|
| **ADDRESS:** | (1) | 7539 Marthas Cove<br>Germantown, TN 38138 | (2) | 7539 Marthas Cove<br>Germantown, TN 38138 |

**PLAN PAYMENT:**
  **Debtor(1)** shall pay $ **254.00**                                                           (☐ weekly, ■ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
    ■ **PAYROLL DEDUCTION** From: **Delta Atlanta, GA 30320**               **OR ( ) DIRECT PAY**
  **Debtor(2)** shall pay $ **254.00**                                                           (☐ weekly, ☐ every two weeks, ☐ semi-monthly, or ☐ monthly, by:
    ☐ **PAYROLL DEDUCTION** From:                                                              **OR ( X ) DIRECT PAY**

**1. THIS PLAN [Rule 3015.1 Notice]:**

  (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]          ☐ YES    ■ NO
  (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION            ■ YES    ☐ NO
      OF THE COLLATERAL FOR THE CLAIM. [See plan provisions #7 and #8]
  (C) AVOIDS A SECURITY INTEREST OR LIEN. [See plan provision #12].        ☐ YES    ■ NO

**2. ADMINISTRATIVE EXPENSES:** Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

**3. AUTO INSURANCE:** ☐ Included in Plan; **OR** ■ Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

**4. DOMESTIC SUPPORT:**                                                                                          Monthly Plan Payment:

| | | |
|---|---|---|
| **None** | Paid by: ☐ Debtor(s) directly ☐ Wage Assignment, **OR** ☐ Trustee to:<br>ongoing payment begins<br>Approximate arrearage: | $ |

**5. PRIORITY CLAIMS:**

| | | |
|---|---|---|
| **-NONE-** | Amount | $ |

**6. HOME MORTGAGE CLAIMS:** ☐ Paid directly by Debtor(s); **OR** ☐ Paid by Trustee to:

| | | | |
|---|---|---|---|
| **None** | ongoing payment begins<br>Approximate arrearage: | Interest | $ |

**7. SECURED CLAIMS:**

| [Retain lien 11 U.S.C. §1325 (a)(5)] | Value of Collateral: | Rate of Interest | Monthly Plan Payment: |
|---|---|---|---|

**8. SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**

| [Retain lien 11 U.S.C. §1325 (a)]<br>**Security Service Federal Credit Union** | Value of Collateral:<br>**18,450.00** | Rate of Interest<br>**5.25** | Monthly Plan Payment:<br>$**351.00** |
|---|---|---|---|

**9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**

-NONE-                                          Collateral: _____

**10. SPECIAL CLASS UNSECURED CLAIMS:**

Amount:    Rate of Interest    Monthly Plan Payment:
-NONE-                                                                              $

**11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:**

None                           ☐   Not provided for   **OR**   ☐   General unsecured creditor

**12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C.§522(f):**

-NONE-

**13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

**14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS: $64,448.00**

**15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

☐   _____ %, OR,
■   THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

**16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:**

None                                                      ☐   Assumes   **OR**   ☐   Rejects.

**17. COMPLETION:** Plan shall be completed upon payment of the above, approximately **60** months.

**18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

**19. NON-STANDARD PROVISION(S):**

ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

**20. CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/ Gary L. Jewel                                           Date **June 19, 2018** .
Gary L. Jewel 5107
Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)